UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**NORTHWEST AIRLINES CORPORATION, et al.,**<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-17930 (ALG)<br><br>Jointly Administered |
| **BRUCE W. CRESS, PETER OCHABAUER, WALTER BOULDEN, MARK A. KNUDSEN, CHRISTOPHER J. PARKYN, AMANDA R. OCHABAUER, AND BERNARD C. LARKIN,**<br><br>　　　　　　　Appellants,<br><br>　　　　-against-<br><br>**NORTHWEST AIRLINES CORPORATION, et al.,**<br><br>　　　　　　　Appellees. | Case No. 07-cv-05658 (JGK) |

**APPELLEES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS APPEAL OF BRUCE W. CRESS ET AL. FOR FAILURE TO TIMELY FILE BRIEF**

　　　　　　　　　　　　　　CADWALADER, WICKERSHAM & TAFT LLP
　　　　　　　　　　　　　　Bruce R. Zirinsky (BZ 2990)
　　　　　　　　　　　　　　Gregory M. Petrick (GP 2175)
　　　　　　　　　　　　　　Nathan A. Haynes (NH 4955)
　　　　　　　　　　　　　　One World Financial Center
　　　　　　　　　　　　　　New York, New York  10281
　　　　　　　　　　　　　　Telephone:  (212) 504-6000
　　　　　　　　　　　　　　Facsimile:  (212) 504-6666
　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　Mark C. Ellenberg (ME 6927)*
　　　　　　　　　　　　　　1201 F Street N.W., Suite 1100
　　　　　　　　　　　　　　Washington, DC  20004
　　　　　　　　　　　　　　Telephone:  (202) 862-2200
　　　　　　　　　　　　　　Facsimile:  (202) 862-2400

　　　　　　　　　　　　　　Attorneys for Appellee

　　　　　　　　　　　　　　* *Pro hac vice* admission pending

USActive 9379965.12

**TABLE OF CONTENTS**

                                                                         **Page**

PRELIMINARY STATEMENT ...............................................................................................1

JURISDICTION .........................................................................................................................1

BACKGROUND .........................................................................................................................1

        A.        The Cress Claims ...............................................................................................2

        B.        The Cress Appeal................................................................................................2

        C.        The Bankruptcy Cases ........................................................................................3

ARGUMENT ...............................................................................................................................4

# **TABLE OF AUTHORITIES**

## **CASES**

Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.), 835 F.2d 54 (2d Cir. 1987) ................................................................................................................................4

El v. Potter, No. 01-CV-6125 (RWS), 2005 U.S. Dist. LEXIS 4330 (S.D.N.Y. Mar. 18, 2005)................................................................................................................4

Friedman v. State Univ. of N.Y., No. 3:06-CV-0399 (TJM), 2006 U.S. Dist. LEXIS 72642 (N.D.N.Y. Oct. 5, 2006) ...................................................................4,5

Futterman v. Zurich Capital Corp. (In re Futterman), No. 99-CV-8793 (DAB), 2001 U.S. Dist. LEXIS 3177 (S.D.N.Y. Mar. 21, 2001) ............................................4,5

Glatzer v. Enron Corp. (In re Enron Corp), 475 F.3d 131 (2d Cir. 2007) ...........................4

## **STATUTES**

28 U.S.C. § 157(b)(2) ...........................................................................................................1

28 U.S.C. § 158(a) ...............................................................................................................1

28 U.S.C. § 1334..................................................................................................................1

28 U.S.C. § 1408..................................................................................................................1

28 U.S.C. § 1409..................................................................................................................1

Fed. R. Bankr. Pro. 8009(a)(1) .........................................................................................4,5

## **RULES**

S.D.N.Y ECF Procedure #9 .................................................................................................5

Northwest Airlines Corporation ("Northwest") and certain of its direct and indirect subsidiaries, that were debtors,[1] hereby file this Memorandum of Law in support of a motion to dismiss the appeal of Bruce W. Cress, Peter Ochabauer, Walter Boulden, Mark A. Knudsen, Christopher J. Parkyn, Amanda R. Ochabauer, and Bernard C. Larkin (the "Appellants") for failure to prosecute.

## PRELIMINARY STATEMENT

Appellants' brief was due on July 2, 2007, nine months ago. No brief has been filed. In the meantime, Northwest has confirmed a plan of reorganization, made the plan effective, and made four distributions with respect to allowed claims. A fifth distribution will occur before this motion is heard. Thus, not only are Appellants grossly out of compliance with their obligations to prosecute this appeal, but continuation of the appeal at this late date will prejudice Northwest and the other creditors holding allowed claims. The Appeal should be dismissed.

## JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 158(a) and 1334. This matter is an appeal from an order entered by the Bankruptcy Court in a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] In addition to Northwest, the Reorganized Debtors consist of: Northwest Airlines, Inc., NWA Fuel Services Corporation, Northwest Aerospace Training Corp., Northwest Airlines, Inc., MLT Inc., Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc., NWA Retail Sales Inc., Montana Enterprises, Inc., NW Red Baron LLC, Aircraft Foreign Sales, Inc. NWA Worldclub, Inc. and NWA Aircraft Finance, Inc. The preceding entities, together with Northwest Airlines Holdings Corporation and NWA Inc., were the debtors and debtors in possession (the "Debtors") in these cases prior to May 31, 2007, the effective date of the Debtors' First Amended Joint and Consolidated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as amended and supplemented, the "Plan"). On the effective date, Northwest Airlines Holdings Corporation merged into NWA Inc. and thereafter, NWA Inc. merged into Northwest Airlines and went out of existence.

1

## BACKGROUND

A.   **The Cress Claims**

On September 14, 2005, Northwest filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. In accordance with the Bankruptcy Code and the procedural orders entered by the Bankruptcy Court, Appellants filed two timely proofs of claim, one against Northwest Airlines, Inc. and one against Northwest Airlines Corporation. The claims requested an award in excess of $100 million from each of the two debtors. On May 1, 2007, after briefing and a full hearing, the Bankruptcy Court entered a Memorandum of Opinion [Bankr. Docket No. 6489], finding that the claims should be disallowed.[2] On May 10, 2007, the Bankruptcy Court entered an Order Expunging Claim Numbers 11338 and 11339 [Bankr. Docket No. 6809], for the reasons set forth in the May 1 Memorandum of Opinion.

B.   **The Cress Appeal**

On May 25, 2007, the Appellants filed a Notice of Appeal in this Court [Bankr. Docket No. 7039]. The Court docketed the Appeal on June 14, 2007. See Docket No. 1. Appellants' filed their Notice of Designation of Bankruptcy Record on Appeal on June 14, 2007 [Docket No. 2]. On the same day, Northwest filed a Counter Designation of Bankruptcy Record on Appeal [Docket No. 3] and served it on counsel for Appellants. See Declaration of Nathan A. Haynes, filed concurrently herewith (the "Haynes Decl."), Ex. A (Affidavit of Mailing).

On June 19, 2007, the Court mailed notice that an Appeal had been docketed to the attorneys of record. On that same day, the Clerk of the Court sent counsel for Appellants two notices by electronic mail to the following email address: ctrinko@trinko.com. The first notice stated that a letter was sent notifying the Bankruptcy Court of the filing of the Appeal and the

---

[2] Entries on the Bankruptcy Court's electronic docket are referenced as "Bankr. Docket No. __" and entries on this Court's electronic docket are referenced as "Docket No. __".

2

assignment of case number 07-CV-5658 to the Appeal. The second notification informed Appellants' counsel that a letter had been mailed to him indicating that the Appeal had been docketed. See Haynes Decl., Exs. B and C. (Notices of Electronic Filing). In addition, the Clerk of the Court noted on the electronic docket of the Appeal: "Appellant Brief due by 7/2/2007." See Docket No. 1.

As of the date of this Motion, Appellants have not filed a brief.

**C.    The Bankruptcy Cases**

On May 18, 2007, just over a week after expunging the Appellants' claims, the Bankruptcy Court confirmed the Debtors' Plan [Bankr. Docket No. 6944]. The Plan became effective on May 31.

Under the Plan, general unsecured creditors with allowed claims are entitled to a pro rata share of new common stock in the reorganized company. Because not all claims had been determined as of the effective date, the Plan provided for a stock reserve. The reserve was measured by the face amount of the remaining disputed claims. However, in accordance with well established law, no reserve was required for claims that had been disallowed, regardless of whether the claims were the subject of pending appeals. In the event that Appellants' claims were ultimately to be allowed after the reserve has been exhausted, the Appellants would not be entitled to any recovery. See Haynes Decl., Ex. D (Plan at § 7.6).

As of the Plan effective date and after the initial distribution, the reserve contained approximately 65 million shares of stock, and approximately $3 billion of disputed claims were unresolved. By the time this Motion is heard, Northwest will have made five distributions of stock to creditors with allowed claims. The balance of the reserve will be approximately 18 million shares, held against $642 million in unresolved disputed claims.

3

**ARGUMENT**

Bankruptcy Rule 8009 governs the computation of time to file a brief on appeal: "The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. Pro. 8009(a)(1). In the Second Circuit, the fifteen day period within which an appellant must file a brief is triggered once the appeal is docketed and notice of the docketing of the appeal is sent to the parties. See Glatzer v. Enron Corp. (In re Enron Corp), 475 F.3d 131, 135-136 (2d Cir. 2007) (holding that the fifteen days to file a brief runs once the appeal is docketed and notice has been sent).

Where the party appealing a bankruptcy court decision fails to timely file a brief, the district court may dismiss the appeal. Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.), 835 F.2d 54, 55 (2d Cir. 1987) (holding that the district court properly dismissed bankruptcy appeal for failure to file brief); Futterman v. Zurich Capital Corp. (In re Futterman), No. 99-CV-8793 (DAB), 2001 U.S. Dist. LEXIS 3177, at *8 (S.D.N.Y. Mar. 21, 2001) ("appellant's complete failure to file a brief" justified dismissal of appeal (citing cases)). Appropriate circumstances for dismissal include where the appellant has acted in bad faith, negligently, indifferently, or with dilatoriness. In re Futterman, 2001 U.S. Dist. LEXIS 3177, at *7.

Attorneys have a duty to be aware of entries on the docket of their client's cases. Friedman v. State Univ. of N.Y., No. 3:06-CV-0399 (TJM), 2006 U.S. Dist. LEXIS 72642, at *8 (N.D.N.Y. Oct. 5, 2006); see also El v. Potter, No. 01-CV-6125 (RWS), 2005 U.S. Dist. LEXIS 4330, at *7 (S.D.N.Y. Mar. 18, 2005) (holding that it is axiomatic that every party has an ongoing obligation to monitor the docket and to remain informed as to its contents). Thus, they are on constructive notice of docket entries and filing deadlines. Friedman, 2006 U.S. Dist. LEXIS 72642, at *8. The Court's published ECF procedures expressly adopt this rule: "It

4

remains the duty of the attorney for a party to review regularly the docket sheet of the case." See S.D.N.Y ECF Procedure #9.  Compliance with this duty is significantly facilitated by the fact that the docket is available electronically, as well as by the fact that the Court sends electronic notifications when there are updates to the case docket.  See e.g., Friedman, 2006 U.S. Dist. LEXIS 72642, at *9 (holding that attorney who did not monitor the electronic case docket could not be excused from missing deadlines especially in light of the conveniences of an electronic case management system and the e-mail notices that the attorney was sent).

While it is not necessary for Northwest to establish prejudice, it is, nonetheless, clear that permitting the appeal to be prosecuted at this point would prejudice both Northwest and its creditors.  At a minimum, revival of Appellants' claims at this late date would extend the life of the bankruptcy case.  This would cause the estate to incur additional administrative expenses, to the detriment of its creditors, all of whom were compensated for their claims in Northwest stock.  See In re Futterman, 2001 U.S. Dist. LEXIS 3177, at *12 (delay to creditor distributions under plan of reorganization resulting from appellant's failure to file brief justified dismissal of appeal).

Further, revival of Appellants' claims will cause significant reserve issues.  At the time this appeal is determined, either the reserve will be exhausted, or only a small number of shares and unresolved claims will exist.  In the former case, the appeal will be moot.  There will be no possibility for the Appellants to recover on their claims, even if the claims were to be allowed.  In the latter case, the revival of the claim would overwhelm the remaining unresolved claims and freeze further distributions from the reserve.  This would significantly disadvantage all creditors eligible for further distributions, particularly in light of the volatility involving the price of Northwest's common stock.

6

Based on the foregoing, the Appeal should be dismissed with prejudice for Appellants' failure to timely file their brief under Bankruptcy Rule 8009.

WHEREFORE Northwest respectfully requests that this Court dismiss the Appeal with prejudice in its entirety and grant such other and further relief as is just.

Dated:   New York, New York
         March 21, 2008

                                                  CADWALADER, WICKERSHAM & TAFT LLP

                                                  */s/ Nathan A. Haynes*_____
                                                  Bruce R. Zirinsky (BZ 2990)
                                                  Gregory M. Petrick (GP 2175)
                                                  Nathan A. Haynes (NH 4955)
                                                  One World Financial Center
                                                  New York, New York  10281
                                                  Telephone:  (212) 504-6000
                                                  Facsimile:  (212) 504-6666

                                                  - and –

                                                  Mark C. Ellenberg (ME 6927)*
                                                  1201 F Street N.W., Suite 1100
                                                  Washington, DC  20004
                                                  Telephone:  (202) 862-2200
                                                  Facsimile:  (202) 862-2400

                                                  Attorneys for Appellee

                                                  * *Pro hac vice* admission pending