**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------

In re:                                                                      **Chapter 11**

**NORTHWEST AIRLINES CORPORATION, et al.,**                    **Case No. 05-17930 (ALG)**

                                            **Debtors.**         **Jointly Administered**

-------------------------------------------------------------------------------

**BRUCE W. CRESS, PETER OCHABAUER, WALTER**
**BOULDEN, MARK A. KNUDSEN, CHRISTOPHER J.**
**PARKYN, AMANDA R. OCHABAUER, AND BERNARD**         **Case No. 07-cv-05658 (JGK)**
**C. LARKIN,**

                                            **Appellants,**

                            v.

**NORTHWEST AIRLINES CORPORATION, et al.,**

                                            **Appellees**
-------------------------------------------------------------------------------

**APPELLANTS' MEMORANDUM OF LAW IN**
**OPPOSITION TO DEBTORS' MOTION TO DISMISS**
**APPEAL FOR FAILURE TO TIMELY FILE APPELLANTS' BRIEF**

THE LAW OFFICES OF CURTIS V. TRINKO, LLP
Curtis V. Trinko (CT-1838)
Wai K. Chan (WC-0743)
16 West 46th Street, 7th Floor
New York, NY 10036
Tel. (212) 490-9550
Fac. (212) 986-0158

LAW OFFICE OF ALFRED G. YATES JR, PC
Alfred G. Yates, Jr. (*pro hac vice*)
Gerald L. Rutledge (*pro hac vice*)
519 Allegheny Building
429 Forbes Avenue
Pittsburg, PA 15219-1649
Tel. (412) 391-5164
Fac. (412) 471-1033

*Counsel for Appellants*

## PRELIMINARY STATEMENT

Northwest Airlines Corporation; NWA Fuel Services Corporation; Northwest Airlines Holdings Corporation; NWA Inc.; Northwest Aerospace Training Corp.; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc.; NWA Retail Sales Inc.; Montana Enterprises, Inc.; NW Red Baron LLC; Aircraft Foreign Sales, Inc: NWA Worldclub, Inc.; MLT Inc.; and NWA Aircraft Finance, Inc. (hereinafter collectively "Debtors"), on March 21, 2008 moved this Court for entry of an order pursuant to rule 8009 of the Federal Rules of Bankruptcy Procedure to dismiss Bruce W. Cress, Peter Ochabauer, Walter Boulden, Mark A. Knudsen, Christopher J. Parkyn, Amanda R. Ochabauer, and Bernard C. Larkin's (hereinafter collectively "Appellants") appeal for failure to timely file Appellants' brief.[1]  The Appellants did not receive notice from the Clerk of Court regarding the docketing of their Appeal of the Bankruptcy Court's May 1, 2007 Opinion.  Accordingly, the specified 15-day filing period pursuant to Bankruptcy Rule 8009 did not begin to run and therefore, the filing of Appellant's brief was not yet required. Therefore, Debtors' motion should be denied.[2]

## BACKGROUND

The Appellants are participants in the Northwest Airlines, Inc. and Northwest Airlines Corp. defined benefit pension plans.  The defined benefit pension plans at issue in these proceedings include the Northwest Airlines Pension Plan for Pilot Employees, the Northwest Airlines Pension Plan for Contract Employees, and the Northwest Airlines Pension Plan for Salaried Employees (together the "Pension Plans" or the "Plans"). On September 14, 2005,

---

[1] The Appellants are also plaintiffs in a purported class action before this Court, *Cress et al. v. Wilson et al.*, 06-CV-2717 (JGK).

[2] As indicated to the Court during our recent conference, Appellants' counsel is prepared to file the appellate brief in short order after this Court's ruling hereon.

1

Northwest filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On August 16, 2006, the Appellants filed proofs of claim in the Bankruptcy Proceedings on behalf of the Plans, in order to participate in the Debtors' plan of reorganization and, thus, to recover all or part of the more than $5.7 billion in underfunded pension liabilities that the Debtors owe to the Plans. The Appellants filed two timely proofs of claim, 11339 and 11339.

On May 1, 2007, Bankruptcy Judge Allan L. Gropper issued a Memorandum of Opinion which sustained the Debtors' objections to the Appellants' proofs of claim, and ordered such claims expunged. Judge Gropper held that the Pension Protection Act of 2006 (the "PPA"), which was signed into law by President Bush on August 17, 2006, mandates such expungement because "any prefunding balance funding standard carry-over . . . shall be reduced to zero." Order at 4 (citations omitted). Judge Gropper acknowledged, however, that although the Debtors' obligations were purportedly "zeroed out" and thus were deemed to be satisfied, the payment deficiencies remain inasmuch as the "plan's frozen unfunded benefit liabilities are . . . amortized over a new 17-year period." *Id*. (citations omitted). Judge Gropper did not cite to any applicable case law supporting his interpretation of the PPA (including his blanket assertion that the PPA prohibited the Appellants from participating in the plan of reorganization) since none exists.

On May 25, 2007, the Appellants timely filed a Notice of Appeal in this Court, appealing the May 1, 2007 Bankruptcy Court decision. The Court then docketed the Appeal on June 14, 2007, which docket appears to show that notice was sent both electronically and by regular mail. Debtors also claim that they served upon the Appellants a Counter Designation of Bankruptcy Record on Appeal, that the Clerk of Court electronically mailed notice of an assignment of case number 07-CV-5658 to the Appeal, and that the Clerk of Court mailed Appellants a letter stating

2

that the Appeal had been docketed. (*See* Debtors Br. at 2-3, Haynes Decl. Exh. A-C). However, Appellants' counsel has no recollection of receiving any of these notices and although carefully searching for same has been unable to find any of these notices in their electronic or hard copy archives. Since May 25, 2007, Appellants' counsel constantly monitored the dockets in both the class action case, *Cress et al. v. Wilson et al.*, 06-CV-2717 (JGK) and the bankruptcy case, *In re Northwest Airlines et al.*, 05-17930 (ALG). But unbeknownst to the Appellant's counsel, the appeal was docketed on June 14, 2007 under a separate docket number, 07-CV-5658 (JGK). On September 4, 2007, Appellants' counsel and Defendants' counsel in *Cress et al., v. Wilson et al.,* Case No. 07-cv-05658 (JGK) appeared before the Court for a status conference, and the Appeal was not mentioned or discussed during this conference. Appellants only became aware of the docketing of the Appeal on March 17, 2008 through a phone conversation with this Court's courtroom deputy.

## ARGUMENT

**I.      Appellants' brief was not due until fifteen days after the district court clerk sent notice to the parties of the date on which the appeal was docketed.**

Bankruptcy Rule 8009(a)(1) provides:

(a) Briefs

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

> (1)      The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

11 U.S.C. Rule 8009(a)(1).

Bankruptcy Rule 8007(b) in turn provides, in pertinent part:

3

(b) Duty of clerk to transmit copy of record; docketing of appeal

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

11 U.S.C. Rule 8007(b).

Bankruptcy Rule 8009(a)(1) provides that the commencement of the fifteen-day briefing period is triggered by the entry of the appeal on the docket pursuant to Bankruptcy Rule 8007. Bankruptcy Rule 8007(b) clearly requires that the district court clerk, upon receipt of the transmission from the clerk of bankruptcy court, must not only enter the appeal in the docket, but also must give prompt notice to all parties of the date on which the appeal was docketed. Therefore, the fifteen-day briefing period does not begin to run until the required notice of docketing is sent to all parties.

Here, notwithstanding Debtor's assertions that 1) on June 14, 2007, Northwest filed a Counter Designation of Bankruptcy Record on Appeal and served it on counsel for the appellants on the same day; 2) the Clerk of Court electronically mailing a notice of the assignment of case number, and 3) that the Appellants purportedly received a letter mailed to them indicating that the Appeal had been docketed, Appellants counsel did not receive any notices regarding the Appeal.[3] Since the filing of the Notice of Appeal on May 25, 2007, Appellants' counsel constantly monitored the dockets in both the class action case, *Cress et al. v. Wilson et al.*, 06-CV-2717 (JGK) and the bankruptcy case, *In re Northwest Airlines et al.*, 05-17930 (ALG).

---

[3] Appellant's counsel reviewed their electronic and hard-copy archives and did not find these notices.

However, Appellant's counsel was not informed that the Appeal was docketed on June 14, 2007 under a separate docket number, 07-CV-5658 (JGK).  Thus, even though Appellant's counsel monitored the docket numbers they were aware of, they were unable to find the newly entered docketing of the Appeal.  Moreover, the docketing of the Appeal was not brought to counsel's attention at a September 4, 2007 conference before the Court in the related ERISA class action case, *Cress et al., v. Wilson et al.,* Case No. 07-cv-05658 (JGK).  Appellants' counsel remained uninformed of the separate docket number until the Court notified them on March 17, 2008 regarding the docketing of their appeal.  (*See* Debtors Br. at 2-3, Haynes Decl. Exh. A-C).

Since the required notice of the date of docketing of the appeal was never sent to Appellants' counsel, the fifteen-day period within which Appellants were required to serve and file their brief has never begun to run.  Therefore, the Debtor's March 21, 2008 motion to dismiss the appeal for failure to timely file Appellant's brief should be dismissed in all respects, with an appellate briefing schedule being issued by the Court.

## CONCLUSION

Based on the foregoing, Debtors' motion to dismiss the appeal for failure to timely file Appellants' brief should be dismissed.

**Dated:** April 14, 2008
       New York, New York

Respectfully submitted,

**THE LAW OFFICES OF CURTIS
V. TRINKO, LLP**

            **/s/**
_____
Curtis V. Trinko (CT 1838)
Wai K. Chan (WC 0743)
16 West 46th Street, 7th Floor
New York, NY 10036
Tel:    (212) 490-9550
Fac:    (212) 986-0158

Alfred G. Yates, Jr.
Gerald L. Rutledge
LAW OFFICE OF ALFRED G. YATES JR. PC
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219-1649
Tel:    (412) 391-5164
Fac:    (412) 471-1033
e-mail: yateslaw@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I, Curtis V. Trinko, hereby certify that true and correct copies of the foregoing APPELLANTS' MEMORANDUM OF LAW IN OPPOSITION OF DEBTORS' MOTION TO DISMISS APPEAL FOR FAILURE TO TIMELY FILE APPELLANTS' BRIEF was served upon the following attorneys by means of postage pre-paid first class mail through the U.S. Mail System and by Electronic Mail:

Gregory M. Petrick, Esq.
Bruce R. Zirinsky, Esq.
Nathan A. Haynes, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Ph: (212) 504-6000
Fax: (212) 504-6666

-and-

Mark C. Ellenberg, Esq.
Cadwalader Wickersham & Taft LLP
1201 F Street N.W., Suite 1100
Washington, D.C. 20004
Tel: (202) 862-2200
Fax:(202) 862-2400

**Attorneys for Debtors**

Alfred G. Yates, Jr.
Gerald L. Rutledge
LAW OFFICE OF ALFRED G. YATES JR., PC
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219-1649
Tel: (412) 391-5164
Fax: (412) 471-1033
email: yateslaw@aol.com

**Attorneys for Appellants**

Dated: April 14, 2008

                                                    /s/ Curtis V. Trinko

7