UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**NORTHWEST AIRLINES CORPORATION, et al.**,<br><br>　　　　　　　　　　　Debtors.<br><br>**BRUCE W. CRESS, PETER OCHABAUER, WALTER BOULDEN, MARK A. KNUDSEN, CHRISTOPHER J. PARKYN, AMANDA R. OCHABAUER, AND BERNARD C. LARKIN,**<br><br>　　　　　　　　　　　Appellants,<br><br>　　　　　-against-<br><br>**NORTHWEST AIRLINES CORPORATION, et al.**,<br><br>　　　　　　　　　　　Appellees. | Chapter 11<br><br>Case No. 05-17930 (ALG)<br><br>Jointly Administered<br><br><br>Case No. 07-cv-05658 (JGK) |

**APPELLEES' REPLY TO APPELLANTS' OPPOSITION TO MOTION TO DISMISS APPEAL**

　　　　　　　　　　　　　　　　　　CADWALADER, WICKERSHAM & TAFT LLP
　　　　　　　　　　　　　　　　　　Bruce R. Zirinsky (BZ 2990)
　　　　　　　　　　　　　　　　　　Gregory M. Petrick (GP 2175)
　　　　　　　　　　　　　　　　　　Nathan A. Haynes (NH 4955)
　　　　　　　　　　　　　　　　　　One World Financial Center
　　　　　　　　　　　　　　　　　　New York, New York  10281
　　　　　　　　　　　　　　　　　　Telephone:  (212) 504-6000
　　　　　　　　　　　　　　　　　　Facsimile:  (212) 504-6666
　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　Mark C. Ellenberg (ME 6927)*
　　　　　　　　　　　　　　　　　　1201 F Street N.W., Suite 1100
　　　　　　　　　　　　　　　　　　Washington, DC  20004
　　　　　　　　　　　　　　　　　　Telephone:  (202) 862-2200
　　　　　　　　　　　　　　　　　　Facsimile:  (202) 862-2400

　　　　　　　　　　　　　　　　　　Attorneys for Appellees

　　　　　　　　　　　　　　　　　　* Admitted *pro hac vice*

USActive 12617393.5

Northwest Airlines Corporation and certain of its direct and indirect subsidiaries (the "Northwest" or "Appellees") hereby file their reply (the "Reply") to the opposition (the "Opposition") of Bruce W. Cress, Peter Ochabauer, Walter Boulden, Mark A. Knudsen, Christopher J. Parkyn, Amanda R. Ochabauer, and Bernard C. Larkin (the "Appellants") to the Appellees' motion to dismiss the Appellants' appeal (the "Appeal") for failure to prosecute and the accompanying memorandum of law filed concurrently therewith (together, the "Motion").

## REPLY

Appellants' conclusory denial of receipt of the numerous communications from the Court and the Appellees with respect to the Appeal is insufficient – as a matter of law – to rebut the standard presumption of receipt. What is more, Appellants remained obligated to monitor the Court's docket, even if they did not receive the numerous documents that were served and filed in connection with the Appeal. Indeed, Appellants, by their own admission, let 9 months pass without even inquiring about the docketing of the appeal. Their self-imposed ignorance is insufficient to excuse their failure to file their brief, and, thus, the Appeal should be dismissed.

A.   **Appellants' Conclusory Denials Do Not Rebut The Presumption of Receipt.**

The law presumes that a properly addressed and mailed letter is duly delivered and received by the addressee. Hoffenberg v. Comm'r, 905 F.2d 665, 666 (2d Cir. 1990) ("A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered."); Kurz v. Chase Manhattan Bank USA, N.A., 319 F. Supp. 2d 457, 463 (S.D.N.Y. 2004) ("It is well settled that evidence of proper mailing gives rise to a rebuttable presumption of receipt."). The same presumption applies to electronic mail. Ridley v. Holt (In re Holt), 310 B.R. 675, 680 (Bankr. N.D. Tex. 2004) ("As with proof of mailing of a notice by first class mail, proof of electronic notice presumes receipt of the notice.").

A conclusory denial of receipt is insufficient to overcome the presumption of receipt. Meckel v. Continental Res. Co., 758 F.2d 811, 817 (2d Cir. 1985) ("The mere denial of receipt does not rebut that presumption."); Orix Credit Alliance v. Phillips-Mahnen, Inc., No. 89 Civ. 8376 (THK), 1993 U.S. Dist. LEXIS 7071, at *24-26 (S.D.N.Y. May 26, 1993) ("It is well settled that proof that a letter was mailed creates a presumption that the letter reached its destination and was actually received by the person to whom it was addressed . . . .) (citations omitted). Rather, in order to rebut the presumption of receipt, a party must present "direct and substantial" evidence that proves that they did not receive the mailing or electronic notice and that the presumption is unreasonable. In re Adler, Coleman Clearing Corp., 204 B.R. 99, 105 (Bankr. S.D.N.Y. 1997) (party denying receipt must prove it "did not receive the package, by 'direct' and 'substantial' evidence"). With respect to electronic mail, the denial of receipt must be accompanied by some corroborating evidence suggesting that "the electronic transmission notifying counsel of the Order never reached counsel's computer." Lee v. Wakins, 03-cv-00072-MSK-PAC, 2006 U.S. Dist. LEXIS 77314, at *5-6 (D. Colo. Oct. 23, 2006) (citation omitted).

Here, as established in the Motion, Appellants were sent numerous notices from the Court and the Appellees informing Appellants that the docket of the Appeal was active and the time to file their brief was running. Review of any one of these notices would have made clear that the appeal was docketed and that the briefing clock was ticking. Appellants' naked assertion that they did not receive any one of these documents is simply inadequate to defeat the presumption that they were received.[1]

---

[1] Moreover, the conclusory allegations of the Opposition are not entitled to any evidentiary effect. See Croskey v. Ford Motor Company-UAW, 01-CV-1094 (MBM), 2002 U.S. Dist. LEXIS 8824, at *6 n. 4 (S.D.N.Y. May 2, 2002) ("assertions in legal memoranda are not evidence and cannot substitute for evidence").

The decision in <u>Lee v. Wakins</u>, 2006 U.S. Dist. LEXIS 77314, at *5-6, is particularly instructive. In <u>Lee</u>, counsel denied receipt of an electronic ECF notice from the court. The court, however, held that counsel had failed to rebut the presumption of receipt because he failed to present any specific evidence to support nondelivery, such as "evidence establishing the usual practice of counsel regarding the handling and distribution of e-mail, identification of mail server logs indicating there was no traffic from the Court on or about [the notice date], or evidence that there may have been a electronic malfunction that prevented counsel's computer from receiving or displaying the notice sent by the Court." <u>Id</u>. at 5-6. <u>Lee</u> applies here with full force.[2]

**B.     Appellants Failed in their Duty to Monitor the Electronic Docket.**

Regardless of whether ECF email notification of a filing is received, parties remain obligated to monitor the court's docket. <u>See</u> S.D.N.Y ECF Procedure #9 ("It remains the duty of the attorney for a party to review regularly the docket sheet of the case."); <u>see also</u> <u>Fox v. Am. Airlines, Inc.</u>, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket."). Ignorance of the court's docket "is nothing but negligence, which does not justify untimely action." <u>Norgaard v. DePuy Orthopaedics, Inc.</u>, 121 F.3d 1074, 1075 (7th Cir. 1997); <u>see also</u> <u>United States ex rel. McAllan v. City of New York</u>, 248 F.3d 48, 53 (2d Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 929 (2002)

---

[2] Appellants also now contend that they did not receive Appellees' Counter Designation. Interestingly, however, Appellants state in their Opposition that they "constantly monitored" the dockets in both the class action case and the bankruptcy case. If this were true, then Appellants would have certainly seen the Counter Designation since it was filed in the bankruptcy case and appears on the bankruptcy case docket. <u>See</u> Bankr. Docket No. 7209. Thus, Appellants' assertion that they constantly monitored the other case dockets is suspect at best.

("parties have an obligation to monitor the docket sheet . . . ."). Thus, parties who fail to monitor the electronic case docket should not be excused from missing deadlines. See, e.g., Friedman v. State Univ. of N.Y., No. 3:06-CV-0399 (TJM), 2006 U.S. Dist. LEXIS 72642, at *9 (N.D.N.Y Oct. 5, 2006).

Even if Appellants misplaced or did not receive the various documents sent by the Court and Appellees regarding the Appeal, they could have easily searched the Court's ECF system by the case name at any time if they cared to remain informed and prosecute their Appeal. But, despite the conveniences of an electronic and searchable case management system, Appellants did not conduct a search, and thereby failed in their duty to monitor. Indeed, Appellants did not even call the clerk to inquire about the docketing of the appeal, even though 9 months had passed. The passage of time, alone, should have been a warning signal. There is simply no acceptable excuse for Appellants to have missed their deadline. The Appeal should be dismissed.

For the reasons set forth above and in the initial Motion, Northwest respectfully requests that this Court dismiss the Appeal with prejudice in its entirety and grant such other and further relief as is just.

Dated:   Washington, D.C.
         April 23, 2008

                                                CADWALADER, WICKERSHAM & TAFT LLP

                                                */s/ Mark C. Ellenberg*
                                                Bruce R. Zirinsky (BZ 2990)
                                                Gregory M. Petrick (GP 2175)
                                                Nathan A. Haynes (NH 4955)
                                                One World Financial Center
                                                New York, New York  10281
                                                Telephone:  (212) 504-6000
                                                Facsimile:  (212) 504-6666

- and –

Mark C. Ellenberg (ME 6927)*
1201 F Street N.W., Suite 1100
Washington, DC  20004
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

Attorneys for Appellees

* Admitted *pro hac vice*